IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINO AMARO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS J. ELLIS, et al. | : | NO. 08-4779 |

**M E M O R A N D U M**

PRATTER, J.                                                  FEBRUARY 25, 2009

      Plaintiff Valentino Amaro, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights Complaint[1] against the former Chairman of Montgomery County Commissioners, Thomas J. Ellis; former District Attorney, Bruce Castor; Assistant District Attorney Wallis Brooks; Common Pleas Court Judge William T. Nicholas; District Attorney Risa Vetri Ferman; First Assistant District Attorney Kevin R. Steele; Deputy District Attorney Patricia E. Coonahan; former Assistant District Attorney, Mary MacNeil Killinger; and former Assistant Public Defender, Wentworth D. Vedder.

      In the Complaint, Mr. Amaro alleges that he was denied effective legal representation in an underlying prosecution and that he was maliciously prosecuted. Specifically, Mr. Amaro claims that his defense attorney, Wentworth D. Vedder, "was ineffective for not telling his client, but more importantly the Court of Common Pleas, that his client was pleading guilty to a charge of stalking that had been withdrawn at the preliminary

---

1. The term "Complaint" incorporates Plaintiff's Amended Complaint (Docket No. 11).

hearing stage . . ." Mr. Amaro further alleges "a conspiracy to prosecute [him] for a crime that never occurred." He seeks declaratory, injunctive, and compensatory relief.

With the Complaint, Mr. Amaro filed a motion to proceed in forma pauperis, which has been granted. However, the Complaint will be dismissed as legally frivolous for the reasons which follow.

I. DISCUSSION

    A.    Standard of Review

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

    B.    Judicial Immunity

Judges have absolute immunity from § 1983 actions seeking money damages for actions they performed in their judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978); Mireles v. Waco, 502 U.S. 9 (1991). Because nothing in this Complaint suggests that Judge Nicholas, who apparently presided over Mr. Amaro's criminal trial, acted outside of his judicial capacity, Mr. Amaro's claim for damages against Judge Nicholas must be and is dismissed.

### C. Prosecutorial Immunity

The United States Supreme Court has held that "[i]n initiating a prosecution and in presenting the state's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Because nothing in this Complaint suggests that the attorneys in the Montgomery County District Attorneys Office who participated in Mr. Amaro's prosecution and appeal acted outside of the scope of their prosecutorial duties, Mr. Amaro's claim for damages against Defendants Castor, Brooks, Ferman, Steele, Coonahan and Killinger must be and is dismissed.

### D. Mr. Amaro's Defense Attorney

Mr. Amaro charges his defense attorney, Wentworth E. Vedder, with failure to provide effective representation, and with conspiracy to have him maliciously prosecuted. In order to bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (listing elements of a § 1983 claim). The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). This conclusion applies regardless of whether the defense attorney is court-appointed or privately retained. Black v.

3

Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).

Based on the foregoing, and taking into account Mr. Amaro's claim that Mr. Vedder conspired to have him maliciously prosecuted, the Court concludes that Mr. Vedder is not a state actor for § 1983 purposes. Although a non-state actor who conspires with a state actor may be liable under § 1983, Mr. Amaro's bald assertion that he was the victim of a conspiracy to maliciously prosecute him is unsupported by any credible fact or theory, and is dismissed for that reason. See Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991) (conspiracy claims may be dismissed when based on plaintiff's mere suspicion and speculation). Thus, Mr. Vedder may not be sued under § 1983, and the claims against him must be and are dismissed.

### E. Former Montgomery County Commissioner Thomas Jay Ellis

Mr. Amaro claims that Mr. Ellis, as the former Chairman of Montgomery County Commissioners, was "responsible for the over-all operation of the District Attorneys Office." To be liable in a § 1983 action, a defendant must have participated in or had personal knowledge of and acquiesced in the actions which have deprived Plaintiff of his constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Nothing in this Complaint suggests that Mr. Ellis participated in or was even aware of any of the issues that Mr. Amaro raises in this Complaint, and the mere fact that Mr. Ellis was in a supervisory position is insufficient to state a colorable constitutional

violation, as there is no respondeat superior liability in § 1983 cases. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Accordingly, Mr. Amaro's claim against Mr. Ellis must be and is dismissed.

### F. Malicious Prosecution

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted).

Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original). Thus, unless Mr. Amaro can demonstrate that his conviction or sentence has been invalidated, this § 1983 action is barred.

Here, Mr. Amaro's claim that he was maliciously prosecuted and denied effective legal representation, if proven,

5

would "necessarily demonstrate the invalidity of the confinement or its duration." Id. However, because there has been no showing of an invalidated conviction or sentence, this § 1983 action is barred.[2] Thus, even if Mr. Amaro had stated a cognizable violation of his civil rights by any of the defendants in this case, which he failed to do, this Complaint would still be dismissed as legally frivolous.

## II. CONCLUSION

Section 1915(e)(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because Mr. Amaro has failed to advance any actionable violation of his constitutional rights, this case will be dismissed as legally frivolous at this time.

An appropriate Order follows.

---

2. Mr. Amaro's criminal case is presently on appeal to the Supreme Court of Pennsylvania in Commonwealth of Pennsylvania, Petitioner v. Valentino Amaro, Respondent, No. 168 MAL 2008. Thus, Mr. Amaro has not demonstrated that his conviction or sentence has been invalidated.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALENTINO AMARO | : CIVIL ACTION |
| v. | : |
| THOMAS JAY ELLIS, et al. | : NO. 08-4779 |

ORDER

AND NOW, this 25th day of February, 2009, in accordance with the accompanying Memorandum, IT IS ORDERED that:

1. The Complaint is DISMISSED as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2);

2. Plaintiff, Valentino Amaro, GV-1640, shall pay the filing fee of $350, pursuant to 28 U.S.C. § 1915(b). The Superintendent or other appropriate official at SCI-Cresson, or at any other correctional facility at which Plaintiff may be confined, shall deduct from Plaintiff's inmate account, each time that Plaintiff's account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to Civil Action No. 08-4779, to the Clerk of Court, 2609 U.S. Courthouse, 601 Market St., Philadelphia, PA 19106, until the full filing fee is paid; and

3. The Clerk of Court is directed to send a copy of this order to the Superintendent of SCI-Cresson.

4. The Clerk of Court shall mark this case CLOSED for statistical purposes.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge